

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2002

# USA v. Myrick

Precedential or Non-Precedential:

Docket 01-1766

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Myrick" (2002). *2002 Decisions*. Paper 216.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/216

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-1766
_____


UNITED STATES OF AMERICA

v.

DARRELL A. MYRICK,

                    Appellant

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal No. 99-cr-00119-2
(Honorable Donald J. Lee)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2002

Before:  SCIRICA and ROSENN, Circuit Judges, and KANE, District Judge*

        (Filed   March 27, 2002     )




    *The Honorable Yvette Kane, United States District Judge for the Middle District of
Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

    Darrell Myrick appeals from a judgment of conviction and sentence in the United
States District Court for the Western District of Pennsylvania.  On September 7, 2000,
Myrick pled guilty under a written plea agreement to conspiracy to distribute in excess of
one kilogram of heroin, in violation of 21 U.S.C.   846; conspiracy to distribute in
excess of fifty grams of crack cocaine, in violation of 21 U.S.C.   846; and distribution
of crack cocaine, in violation of 21 U.S.C.    841(a)(1) and 841(b)(1)(A)(iii).
    Under the plea agreement, the parties agreed that the relevant quantity of heroin
was at least one kilogram but less than two kilograms, and the relevant quantity of crack
cocaine was at least 150 grams but less than 500 grams.  On November 11, 2000, Myrick
filed a motion to withdraw his guilty plea.  After a hearing, the District Court found that

Myrick's plea of guilty was knowing, intelligent, and voluntary, and denied the motion. The Presentence Report designated Myrick's offense level at 33, criminal history category at IV, and guideline range at 188 to 235 months on each count. The District Court sentenced Myrick to 188 months imprisonment on each count, to be served concurrently.

Myrick makes three arguments on appeal - that his counsel was ineffective; that the District Court erred in failing to permit him to withdraw his plea of guilty; and that the factual basis for the guideline sentence was inaccurate.

## I.

Myrick contends his counsel was ineffective for failing to file a motion to suppress evidence obtained in three searches. While "[i]neffective assistance of counsel claims are not generally entertained on direct appeal," there is an exception to this rule "[w]here the record is sufficient to allow determination of ineffective assistance of counsel . . . ." United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991) (citation omitted). We hold we may properly address this claim.

Myrick's claim of ineffective assistance of counsel fails because he did not show that, but for the alleged ineffectiveness, the result would have been different. Myrick contends there was no probable cause for the search warrants authorizing the three searches because (1) the information supporting the warrant was stale; (2) there was no connection to the place searched and the illegal activity claimed; and (3) there was no evidence that he conducted illegal activity or that he stored money in his parents' home. We have held "[a] magistrate judge may find probable cause when, viewing the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). We must "uphold the finding if the affidavit on which it was based provided a substantial basis for finding probable cause." Id. Furthermore, "[t]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." Id. (quotations and citations omitted).

Here, all three affidavits set forth facts detailing a continuous long-term course of drug dealing. The ongoing nature of Myrick's narcotics operation refutes his claim of staleness. See United States v. Stiver, 9 F.3d 298, 301 (3d Cir. 1993) ("Age alone . . . does not determine staleness. The determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant. Rather, we must also examine the nature of the crime and the type of evidence.") (quotations and citations omitted). Additionally, "[d]irect evidence linking the place to be searched to the crime is not required for the issuance of a search warrant . . . . A court is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." Hodge, 246 F.3d at 305 (quotations and citations omitted). As a result, it was reasonable to infer Myrick would store evidence of drug dealing in his apartment, his business, and at his parents' house, which he listed as his residence on several documents.

In light of the information provided in the affidavits, there is a substantial basis for finding probable cause. Therefore, Myrick suffered no prejudice and his claim of ineffective assistance of counsel fails.

## II.

Myrick argues the District Court abused its discretion in denying his motion to withdraw his guilty plea. We have stated that "[o]nce accepted, a guilty plea may not automatically be withdrawn at the defendant's whim. Rather, a defendant must have a fair and just reason for withdrawing a plea of guilty." United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001) (citation omitted). When evaluating a motion to withdraw we look to: (1) whether defendant asserts his innocence; (2) whether the government would be prejudiced by his withdrawal; and (3) the strength of defendant's reason to withdraw the plea. Id. We find no fault with the District Court's analysis.

Myrick did not assert his innocence during the withdrawal of plea hearing or the written motion to withdraw his plea. Additionally, the District Court correctly concluded the government would be prejudiced by Myrick's withdrawal of his plea as subsequent to the entry of the plea, one of the government witnesses received a reduction in sentence. Last, the record clearly indicates Myrick was competent and his plea was made knowingly, intelligently, and voluntarily. As a result, the District Court did not abuse its

discretion in concluding Myrick failed to demonstrate any fair and just reason for withdrawing his plea of guilty.

### III.

Myrick contends the sentence imposed by the District Court was legally invalid because the factual basis for the guideline sentence was inaccurate. Contrary to Myrick's contentions, the District Court properly used the stipulated drug quantities under the plea agreement. Additionally, its finding that Myrick began this offense in March 1996 was based on the record. The District Court's sentence of 188 months was within the guideline range. As a result, the District Court's sentence is supported by the record and its findings are not clearly erroneous.

### IV.

For these reasons, the judgment and sentence of conviction will be affirmed.

TO THE CLERK:

Please file the foregoing opinion.


/s/Anthony J. Scirica

Circuit Judge


DATED: